## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**GERALD M. MCKIRE**
      **Petitioner,**

**vs.**                                                        **CASE NO.: 3:10cv352/LAC/MD**

**KENNETH S. TUCKER,**
      **Respondent.[1]**

_____

## REPORT AND RECOMMENDATION

      **This case is before the court on Gerald M. McKire's ("Mr. McKire") August 27, 2010 petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1), later amended (docs. 11 and 12). Respondent filed an answer (doc. 25) and relevant portions of the state court record (doc. 27). Mr. McKire then filed a response (doc. 30). The matter was referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. McKire is not entitled to relief, and the petition should be denied.**

_____

**[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.**

## BACKGROUND AND PROCEDURAL HISTORY

Mr. McKire, who was incarcerated at the time of the incident, was charged with battery on a correctional officer in case number 2006-0052CF in the Circuit Court of Santa Rosa County, Florida, in violation of Sections 784.03 and 784.07(2)(b), Florida Statutes (doc. 27, ex. B, p. 3).[2]  Mr. McKire was tried by a jury and found guilty of the charge on March 2, 2007 (ex. B, p. 18).  On the same day, the court adjudicated him guilty under Florida law and sentenced him to a term of 5 years imprisonment with 257 days of credit time to run consecutive to the sentences then being served (ex. B, pp. 20-25).

Mr. McKire appealed the conviction and sentence to the First District Court of Appeal ("First DCA") (ex. E).  On October 3, 2008, the First DCA *per curiam* affirmed the conviction and sentence without a written opinion. *McKire v. State of Florida*, 993 So.2d 520 (Fla. 1st DCA 2008) (Table) (ex. G).

On July 28, 2009, Mr. McKire filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. H, pp. 1-19).  He presented eight grounds for relief based on ineffective assistance of counsel.  *Id.*  On November 6, 2009, the Rule 3.850 court issued an order striking insufficient claims for post-conviction relief (seven out of the eight claims), but granted leave to amend the motion (ex. H, pp. 20-26).  Mr. McKire did not file an amended motion, and on January 13, 2010, the Rule 3.850 court denied all of Mr. McKire's grounds for relief and entered a written order (ex. H, pp. 27-32).  Mr. McKire then filed a motion for rehearing before the Rule 3.850 court, which was denied (ex. H, pp. 41-54).

On March 8, 2010, Mr. McKire filed a notice of appeal to the First DCA (ex. H, pp. 55-56).  On May 25, 2010, the First DCA *per curiam* affirmed the Rule 3.850 court's decision without a written opinion (ex. J).  The mandate issued on June 22, 2010 (ex. K).  Respondent concedes that the petition is timely (doc. 25, p. 3).

---

[2] Hereinafter all references to exhibits will be to doc. 27.

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

---

[3]  Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 173 L. Ed. 2d 251(2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling.  *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).  Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes.  *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result."  *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005); *see* 28 U.S.C. § 2254(d)(1).  The state court does not need to cite to Supreme Court cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).  If the state court decision is contrary to clearly

established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it. *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam)). A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141. However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles*, 556 U.S. at 261. Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination. *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123

S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  *Id.* at 1288-89.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4]  *Id.* at 1288.  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[5]

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed

---

[4]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI.  The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation).  The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy.  *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which the district court denied with prejudice.  *Id.*

[5]  The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues.  First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court."  *Gill*, 633 F.3d at 1288.  Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.*  Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel.  *Id.*

that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).   Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning."  *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).  In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result."  *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it in order to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists

---

[6]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive.  *Id.* at 1288.

could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786.  Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* (internal quotations omitted)

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d).  *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).  The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010).  The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness).  "If this standard is difficult to meet, that is because it was meant to be."  *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Ineffective assistance of counsel

Petitioner contends in his grounds for relief before this court that he was denied his constitutional right to the effective assistance of counsel.  The

Constitution provides that: "[i]n all criminal prosecutions, the accused shall enjoy the right. . .to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  To prevail on a claim of ineffective assistance of counsel, petitioner must prove that:     (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *see also Berghuis v. Thompkins,* __ U.S. __, 130 S. Ct. 2250, 2264-65, 176 L. Ed. 2d 1098 (2010).  Reasonableness of representation does not implicate what is possible, prudent, or even appropriate, but only what is "constitutionally compelled."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987)).

In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance.  *Chandler*, 218 F.3d at 1314.  Courts must make "every effort. . .to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Chandler*, 218 F.3d at 1314 (the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").  The Eleventh Circuit has summarized the standard and the burden:

> Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioner's to bear, is and is supposed to be a heavy one.  And, "[w]e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial . . . worked adequately."  *See White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (the test is not whether counsel could have done more); *Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992) (". . .the Constitution requires a good deal less than maximum performance.")

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693; *see also Marquard v. Sec'y for Dep't of Corr.*, 429 F.3d 1278, 1305 (11th Cir. 2005). Petitioner must show a reasonable probability exists that the outcome would have been different. *Frazier v. Bouchard*, 661 F.3d 519, 532 (11th Cir. 2011); *Marquard*, 429 F.3d at 1305 (petitioner's burden under the prejudice prong is high); *Strickland*, 466 U.S. at 694.   In applying *Strickland*, the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . .that course should be followed.").

The *Strickland* standard exists to prevent petitioners from abusing the post-trial process by escaping rules of waiver or presenting new issues; it should be "applied with scrupulous care" to protect the integrity of the adversary process. *Harrington*, 131 S. Ct. at 788.   As it relates to habeas corpus applications, the Supreme Court emphasized:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).   When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted); *Knowles*, 556 U.S. at 262 (*Strickland* claims evaluated under § 2254(d)(1) require "doubly deferential" judicial review).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "'The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, [which] is different from asking whether defense counsel's performance fell below *Strickland*'s standard.'" *Jones v. Sec'y, Dep't of Corr.*, 644 F.3d 1206, 1209 (11th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 785). Habeas claims of ineffective assistance of counsel require "doubly deferential" judicial review under Section 2254(d) and *Strickland*, and petitioners only rarely prevail on this ground. *See Rogers*, 13 F.3d at 386.

### Exhaustion of state remedies and procedural default

A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies). To satisfy the exhaustion requirement, petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan*, 513 U.S. at 365-66; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (same). This affords the state courts "one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court. *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)).  A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it."  *Dye v. Hofbauer*, 546 U.S. 1, 3, 126 S. Ct. 5, 163 L. Ed. 2d 1 (2005). And, simply labeling the claim "federal" may be sufficient to fairly present the claim. *Baldwin*, 541 U.S. at 32 (dictum)*.*

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases.  *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us.").  This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution.  *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a

habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)).  If state and federal constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim).  Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[7]  *Coleman*, 501 U.S. at 735.  However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question.  *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

---

[7]  The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds.  *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  *Lee*, 534 U.S. at 375.  To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991).  A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement.  *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual prejudice resulting therefrom," or a fundamental miscarriage of justice.  *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000).  Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim prevented petitioner from raising the claim.  *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63).  Recently the Supreme Court found cause due to petitioner's out-of-state counsel, who were on record as representing him in post-conviction proceedings, abandoned him without leave of court, without informing him they could no longer represent him, and without securing any recorded substitution of counsel.  *Maples v. Thomas*, --- S. Ct.---, 2012 WL 125438, *14 (January 18, 2012).  Therefore, petitioner had no knowledge that his time to appeal had lapsed, and showed ample cause to excuse the procedural default.  *Id*.

To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808

(1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270).  Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*  In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case.  *Id.*


## Deference to state court findings of fact

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable.  *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'").  Under the AEDPA, the state court does not have to explicitly state its findings of fact.  *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008).  State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim.  *Id.*  These implicit findings are entitled to deference.  *Id.*  As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory.  *Early*, 537 U.S. at 8.  A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits.  *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the

merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue." *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that "'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

## PETITIONER'S GROUNDS FOR RELIEF

### Ground 1      Denial of Effective Assistance by Counsel due to Failure to Interview Fellow Inmates

Mr. McKire  alleges that his defense counsel failed to interview fellow inmates who witnessed the incident in order to have them testify at trial (doc. 12, pp. 14-16). He asserts that despite not knowing their names, his counsel could have obtained that information from the jail.  *Id*.  Mr. McKire contends that these fellow inmates would have corroborated his version of the events, thus disputing the state's account of what transpired.  *Id*.  Mr. McKire was convicted of hitting a correctional officer in the head and face with his handcuffs, but he denies doing so.  *Id*.  Mr. McKire alleges that the correctional officer became injured when he slipped on the floor.  *Id*.

**State Court Decision**

The Rule 3.850 court did not hold a hearing, and issued an opinion deciding that this claim was facially insufficient because Mr. McKire failed to provide the names of the witnesses. (ex. H, p. 28).

**Federal Review of State Court Decision**

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion." *Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

Respondent argues that this claim was not properly exhausted before the state court because of Mr. McKire's lack of specificity in his allegations as determined by the Rule 3.850 court.   Respondent thus concludes that it is procedurally defaulted, and should not be reviewed by the undersigned.  The court disagrees.  The Rule 3.850 court did not state this claim was procedurally barred, and instead decided the claim on its merits.  *See Borden v. Allen*, 646 F.3d 785, 812-13 (11th Cir. 2011) (holding that state court's considering the sufficiency of ineffective assistance of counsel claims was a ruling on the merits)[8].

The Rule 3.850 court followed *Swain v. State of Florida*, 502 So. 2d 494 (Fla. 1st DCA 1987) when it decided that Mr. McKire had failed to sufficiently detail his claim by omitting the names of the alleged fellow inmates.  The *Swain* court established that in order to invoke this type of claim, the petitioner must allege in sufficient detail "the names of the witnesses, substance of their testimony, and how

---

[8]Respondent asserts this same argument for the seven out of eight claims that the state court granted leave to amend (ex. H, pp. 20-26).  The court hereby rules likewise as to those claims for the same reasons cited here, and will not repeat itself *infra*.

the omission prejudiced the outcome of the trial." *Swain*, 502 So. 2d at 495.  Mr. McKire failed to do so at the state court level, and in his writ petition.

Under *Strickland*, without detailed information and corroboration, defense counsel's strategic decision not to use certain witnesses cannot support an ineffective assistance of counsel claim.  *See Chandler v. United States*, 218 F.3d 1305, 1314 n. 14 (11th Cir. 2000) (en banc) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc)) ("calling some witnesses and not others is 'the epitome of a strategic decision.'"); *see also Waters* at 1518-19.  Even assuming that these fellow inmates would have been helpful witnesses and that counsel's performance fell below an objective standard of reasonableness by not calling them, Mr. McKire still cannot show that their testimony would have likely changed the result of the trial.  Mr. McKire speculates that these unnamed fellow inmates witnessed the incident and would have testified on his behalf corroborating his story.  Pure speculation cannot support post-conviction relief.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.

**Ground 2**      **Denial of Effective Assistance by Counsel due to Failure to Depose Listed State Witnesses**

Mr. McKire avers that his defense counsel's performance was defective because he failed to depose the state witnesses prior to trial (doc. 12, pp. 17-20).  He alleges that if his counsel had done this, then he would have known not to ask a specific question on cross-examination of the correction officers who testified that

they were present during the incident.  *Id*.  Mr. McKire's counsel questioned the officers as to what Mr. McKire said after they testified that Mr. McKire had become argumentative prior to and during the incident.  *Id*.  The state later introduced a witness that testified that Mr. McKire had said, while restrained, that if they let him up he would whoop their behinds (ex. C, p. 132).

### State Court Decision

The Rule 3.850 court determined that this claim was facially insufficient because the extent and scope of cross-examination are strategic considerations (ex. H, p. 28).  It added that "not every question that happens to draw a damaging response constitutes ineffective assistance of counsel."  *Id*.  The Rule 3.850 court also noted that Mr. McKire did not  explain how this prejudicial statement would not have been otherwise introduced into evidence without his counsel's question, or how the outcome of the trial would have been any different without this prejudicial statement.  *Id*. at 29.

### Federal Review of State Court Decision

"The decision as to whether to cross-examine a witness [and the extent of the cross-examination] is 'a tactical one well within the discretion of the defense attorney.'"  *Fugate v. Head*, 261 F.3d 1206, 1219 (11th  Cir. 2001).  The prosecutor asked all of the correctional officers the same questions as to what they saw or heard during the incident.  The fact that Mr. McKire's counsel asked specifically during cross-examination what these witnesses heard on the date of the incident in no way can be interpreted as deficient performance because of a subsequent witness' detailed answer.  Even if the defense counsel had deposed each state witness, he could not have prevented their testimony during trial as to what they

remembered as elicited by the prosecutor.  Therefore, Mr. McKire cannot establish any prejudice under *Strickland* for his counsel's failure to depose these witnesses.

The Eleventh Circuit in *Waters*, 46 F.3d at 1514, addressed these type of arguments against defense counsels:

> The widespread use of the tactic of attacking trial counsel by showing what "might have been" proves that nothing is clearer than hindsight-except perhaps the rule that we will not judge trial counsel's performance through hindsight. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight."); *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir.1992) ("Most important, we must avoid second-guessing counsel's performance.  As is often said, 'Nothing is so easy as to be wise after the event.'" (Citation omitted)); *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir.1992) ("Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight."); *Thompson v. Wainwright*, 784 F.2d 1103, 1106 (11th Cir.1986) ("Hindsight, however, is not the appropriate perspective for a court to examine counsel's effectiveness.")

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.

**Ground 3**     **Denial of Effective Assistance by Counsel due to Failure to Impeach a Witness with a Prior Inconsistent Statement**

Mr. McKire contends that his counsel failed to impeach the victim, Officer James Richards ("Officer Richards"), with the prison disciplinary report written by

him on the date of the incident (doc. 12, pp. 21-24).  Mr. Mckire avers that the statement contained in the report varies from the victim's testimony during trial.  *Id*.

### State Court Decision

The Rule 3.850 court concluded that this claim was legally insufficient because in order for a prior inconsistent statement to be admitted, it must truly be inconsistent with the witness' trial testimony (ex. H, p. 29).  It reasoned that the omission must be significant and that nit-picking is not allowed.  *Id*.

### Federal Review of State Court Decision

Mr. McKire's argument fails because his counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit."  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)), cert. denied, 531 U.S. 1131 (2001).  Officer Richards' testimony at trial was consistent with the report drafted on the date of the incident. His omission in the report that Mr. McKire became argumentative is not significant enough to be considered as a prior inconsistent statement as decided strategically by Mr. McKire's counsel and held by the Rule 3.850 court.  The undersigned agrees with their assessment, and failure to raise such a meritless argument is not ineffective assistance of counsel under *Strickland*.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.

## Ground 4     Denial of Effective Assistance by Counsel due to Failure to Object to State's Use of Perjured Testimony

Mr. McKire alleges that Officer Patrick Moss' ("Officer Moss") testimony was perjury because he was not a witness during the incident (doc. 12, pp. 25-28).  He argues that the full video tape of the incident would show Officer Moss' absence from the premises at the time.  *Id.*  Mr. McKire contends that his counsel's failure to obtain the full video and object to Officer Moss' testimony constituted a substantial and serious deficiency in his performance.  *Id.*

### State Court Decision

The Rule 3.850 court determined that this claim was facially insufficient because in order to establish a *Giglio*[9] violation, Mr. McKire had to prove that: (1) the testimony given was false, (2) the prosecutor knew that, and (3) the statement was material (ex. H, p. 29).  It concluded that Mr. McKire had failed to establish these elements, and that the outcome of the trial would not have been different with or without Officer Moss' testimony.  *Id.* at 29-30.

### Federal Review of State Court Decision

To establish a *Giglio* violation, a petitioner must establish that the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony and that the falsehood was material.  *Tompkins v. Moore*, 193 F.3d 1327, 1339 (11th Cir. 1999).  The materiality inquiry under *Giglio* is whether there is a reasonable likelihood that the falsehood could have affected the jury's verdict.

---

[9] *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972).

*United States v. Alzate*, 47 F.3d 1103, 1110-11 (11th Cir. 1995); *Occhicone v. Crosby*, 455 F.3d 1306, 1308-09 (11th Cir. 2006).  The Eleventh Circuit recently defined the *Giglio* standard of "materiality" as "harmless beyond a reasonable doubt."  *Ford v. Hall*, 546 F.3d 1326, 1332 (11th 2008) (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)).

Officer Moss testified that he assisted during Mr. McKire's cell move on the date of the incident and Mr. McKire seemed angry (ex. C, pp. 84-86).  He saw out of the corner of his eye Mr. McKire make a quick jerking movement away from the victim, then the victim slipped, and Mr. McKire moved his hands up and down real quick.  *Id*. at 91-92, 100-101, 103, 109-110.  Officer Moss explained that afterwards the victim pulled Mr. McKire down to the floor and rolled him over in order to subdue him.  *Id*. at 92-93.  Officer Moss then grabbed Mr. McKire's legs, called his sargeant, and applied leg irons.  *Id*. at 93.  During cross-examination, Mr. McKire's counsel showed Officer Moss the incident report he wrote regarding what transpired that day.  *Id*. at 98-99.  Officer Moss admitted not seeing Mr. McKire strike the victim, but from seeing the up and down movement and then the cut on the victim's face he deduced that is what happened.  *Id*. at 102.

Assuming that Mr. McKire's allegations are true and Officer Moss was not present during the incident, from his testimony it is clear that the prosecutor could not have known this to be the case.  This is especially so because of the incident report drafted by Officer Moss attesting to his presence and involvement during the incident. Mr. McKire has not proffered any evidence to substantiate his *Giglio* claim. It is not unreasonable for his defense counsel to have not raised such an argument due to the documentary evidence supporting Officer Moss' involvement.  The cumulative evidence of several witnesses in addition to the video of the incident as presented by the prosecution also supports the version of the events as testified by the victim.  Therefore, Officer Moss' testimony alone did not affect the jury verdict so as to render it constitutionally void.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams*, 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue

**Ground 5**      **Denial of Effective Assistance by Counsel due to Failure to Call Expert Witness on Injuries**

Mr. McKire argues that his defense counsel was ineffective because he did not hire an expert witness regarding the victim's injuries (doc. 12, pp. 28-32).  He contends that if one was hired then the outcome of the trial would have been different.  *Id*.

**State Court Decision**

The Rule 3.850 court decided that this claim is facially insufficient because "there are no sufficient allegations to support a conclusion that such expert testimony, which would allegedly contradict the victim's testimony as to the cause of the cuts he sustained, could or does exist" (ex. H, p. 30).  It also explained that in cases such as this one, determining the cause of cuts is not an area that requires expert testimony because the victim can testify.  *Id*.

**Federal Review of State Court Decision**

As discussed in detail above, this court owes deference to the state courts' rulings, and cannot disturb them so long as there was a "satisfactory conclusion."

*Williams,* 529 U.S. at 410-12; *see also Crawford*, 311 F.3d at 1295 (explaining that AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court).

Mr. McKire speculates that an expert testifying as to the victim's injuries would have meant his acquittal, but he offers no evidence to support this, or that the expert would have supported his claim.  This court will not "'blindly accept speculative and inconcrete claims . . . .'" *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (quoting *Baldwin v. Blackburn*, 653 F.2d 942, 947 (5th Cir. 1981)). Absent evidence in the record, a court cannot consider a habeas petitioners' bald assertions on a critical issue in his petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.  *Woodard v. Beto*, 447 F.2d 103, 104-05 (5th Cir. 1971).[10]  Thus, mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.  *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.

## Ground 6        Denial of Effective Assistance by Counsel due to Failure to Object to Introduction of Photographs

Mr. McKire contends that his counsel should have objected to the introduction of photographs depicting the victim's injuries because the chain of custody was not

---

[10]Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

established (doc. 12, pp. 32-34).   He alleges that without these photos the prosecution would not have been able to establish his culpability.  *Id.*

### State Court Decision

The Rule 3.850 court concluded that this claim is facially insufficient because in the absence of probable tampering with the evidence, the photographs would have been admissible despite the alleged failure to establish continuous possession (ex. H, p. 31).

### Federal Review of State Court Decision

Officer Richards identified the photographs of his injuries during his testimony (ex. C, pp. 44-45).  He explained they were taken "when [he] went to Medical to get treated for [his] injuries." *Id.* at 45.  Officer Richards testified how he received the injuries as shown in the photographs. *Id.* at 47.  He showed the jury the scarring in his face immediately after describing his injuries in the photographs. *Id.* at 47-48.  Due to this testimony, Mr. McKire's counsel's failure to object as to the chain in custody of the photographs does not constitute ineffective assistance of counsel under *Strickland*.    Mr. Mckire fails to allege any tampering as to the photographs.  The prosecution established the foundation, and for defense counsel to object on that basis would have been meritless because there was no evidence of tampering. *See Reed v. State*, 875 So.2d 415, 432 (Fla.2004) (citing *Strickland*, 466 U.S. at 691).  Therefore, Mr. McKire suffered no prejudice due to his counsel's failure to object.

The state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence

presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.


## Ground 7          Denial of Effective Assistance by Counsel due to Failure to Object to this Charge Despite Conviction of Assault for Same Incident


Mr. McKire alleges that he was subjected to double jeopardy because he was convicted of assault in a prison disciplinary hearing, and then charged with battery in state court for the same incident (doc. 12, pp. 35-37).  Mr. McKire explains that he received a "written disciplinary report charging him with the offense of assault on a corrections officer."  *Id.* at 35.  Then, he was "found guilty of this infraction following a prison disciplinary hearing."  *Id.*


### State Court Decision

The Rule 3.850 court held that this claim was legally insufficient and entirely without merit pursuant to *United States v. Mayes*, 158 F.3d 1215 (11th Cir. 1998) (ex. H, p. 31)[11].


### Federal Review of State Court Decision

The Double Jeopardy Clause states that: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.  It serves the function of preventing both "successive punishments and. . . successive prosecutions."  *United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849,

---

[11]This is the only claim the Rule 3.850 court did not grant leave to amend because it could not be cured by amendment. *Id.*

*Case No. 3:10cv352/LAC/MD*

2855, 125 L. Ed. 2d 556 (1993), citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).  The protection against multiple punishments prohibits the Government from "punishing twice, or attempting a second time to punish criminally for the same offense." *United States v. Ursery*, 518 U.S. 267, 273, 116 S. Ct. 2135, 2139-40, 135 L. Ed. 2d 549 (1996) (internal quotations omitted); *see also Witte v. United States*, 515 U.S. 389, 396, 115 S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995); *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L. Ed. 917.

The Eleventh Circuit has concluded that prison disciplinary sanctions do not preclude criminal prosecution on grounds of double jeopardy.  *Mayes*, 158 F.3d at 1224-1225.  The *Mayes* court analogized the situation to that decided by the Supreme Court in *Hudson v. United States*, 522 U.S. 93, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997).  In *Hudson*, the High Court held that the double jeopardy clause did not bar a criminal prosecution because of prior administrative proceedings that were civil, not criminal.  *Hudson*, 522 U.S. at 94.

Mr. McKire was not subjected to criminal proceedings at the jail, but merely administrative sanctions.  *See Sadler v. State*, 333 So. 2d 69 (Fla. 1976) (Administrative confinement of state prisoner for possession of a weapon did not raise bar of double jeopardy to a subsequent prosecution for possessing the weapon), *Larkin v. State*, 558 So. 2d 486 (Fla. 5th DCA 1990) (Revocation of inmate's gain time by Department of Corrections for his attempted escape was an administrative proceeding, not a judicial proceeding and, thus, subsequent criminal prosecution of inmate for same escape attempt did not violate double jeopardy).

Therefore, there was no double jeopardy violation, and the state court's ruling did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.   28 U.S.C. §

2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.


## Ground 8      Denial of Effective Assistance by Counsel Due to Use of Deception to Obtain Mr. McKire to Withdraw his Motion for Speedy Trial


Mr. McKire alleges that his counsel used deception by telling him that he would be unable to obtain the video of the incident unless Mr. McKire withdrew his motion for a speedy trial (doc. 12, pp. 37-40).  Then, Mr. McKire contends that his counsel refused to play the videotape during his testimony.  *Id*. at 38.  He claims without this deception, the outcome of the trial would have been different because he would have been able to explain his version of the events while the videotape played for the jury.  *Id*.


### State Court Decision

The Rule 3.850 court decided that this claim was insufficient because the videotape was in evidence and reviewed by the jury (ex. H, p. 31). It also reasoned that Mr. McKire failed to allege how his commentary on the videotape would have affected the outcome of the trial.  *Id.*


### Federal Review of State Court Decision

Mr. McKire's defense counsel's decision not to play the videotape again while Mr. McKire testified is clearly a strategic decision.  The videotape had been played twice already (ex. C, pp. 34-43, 113-117), and Mr. McKire had the opportunity to testify in order to refute all prior testimony presented by the prosecution (ex. C, pp.

148-166).  An important facet of most ineffective assistance claims is trial strategy. "By 'strategy,' [courts] mean no more than this concept:  trial counsel's course of conduct, that was neither directly prohibited by law nor directly required by law, for obtaining a favorable result for his client."  *Chandler*, 218 F.3d at 1314 n.14.

Matters of trial strategy and tactics, unless plainly not within the bounds of reasonableness, and even if unsuccessful, do not constitute ineffective assistance. *Id.* at 1316 n.16.  But not every strategic decision passes constitutional muster. Whether a particular decision by counsel was a tactical one is a question of fact, *Hardwick v. Crosby*, 320 F.3d 1127, 1163 (11th Cir. 2003), and the state court's resolution of that issue enjoys a strong presumption of correctness.  *See* 28 U.S.C. § 2254(e)(1); *Jackson v. Herring*, 42 F.3d 1350, 1367 (11th Cir. 1995); *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991).  Whether a particular tactical decision was a reasonable one, however, is a question of law, *Hardwick,* 320 F.3d at 1163; *Jackson*, 42 F.3d at 1367; *Horton*, 941 F.2d at 1462, and habeas relief is mandated only where the trial court's decision was either contrary to, or an objectively unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d)(1).

The undersigned cannot agree with Mr. McKire that his counsel's decision not to play the videotape of the incident a third time while he testified was ineffective assistance of counsel,  or that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. McKire is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the information, trial transcript, post-conviction motions, orders, records on appeal, and all submissions in this proceeding.  Mr. McKire's claim is without merit, and he is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), later amended (docs. 11 and 12), challenging the conviction and sentence in *State of Florida v. McKire* in the Circuit Court of Santa Rosa County, Florida, case no. 2006-0052CF, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.

At Pensacola, Florida, this 15th day of February, 2012.

/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).